# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

# MARCH TERM, 1910.

---

HUGH M. HOLDEN ET AL. v. RICE MERCANTILE COMPANY.

[51 South. 895.]

HUSBAND AND WIFE. *Agency. Release. Question of fact.*

The question whether a husband was authorized to execute a release for his wife is one of fact for the determination of a jury, where the evidence does not warrant a peremptory instruction on the point.

FROM the circuit court of Amite county.

HON MOYSE H. WILKINSON, Judge.

Holden and wife, appellants, were plaintiffs in the court below, the mercantile company, appellee, was defendant there. From a judgment in plaintiffs' favor for a sum much smaller than the demand in their declaration they appealed to the supreme court.

The suit was for the recovery of several separate items of indebtedness. The defendant's liability for one of the items, for which they were denied a recovery in the court below, depended

upon the authority of a husband to execute a release for his wife,. his authority being in dispute. The rulings of the trial. court. relating to the question are stated in the opinion of the court.

*Clem V. Ratcliff,* for appellants.

This suit was defended on the grounds that the plaintiffs had waived the landlord's claim, or lien by a certain writing mentioned in the testimony of both the plaintiffs and the defendants. It cannot be denied that if the landlord's lien was not, by that instrument, or otherwise, waived, that plaintiffs are entitled to recover the amounts sued for. Was the lien waived? We say not under the proof. The burden to show that it was waived was upon the defendants, since it was plead as a special defense. The proof shows that the landlord, Mrs. Holden, positively did not waive the lien, and did not sign the waiver in evidence at all and did not authorize it at all.

It is not attempted to be shown that the lien was waived in any way, or manner except by the written instrument referred to in the testimony, and the landlord, Mrs. Holden, swears positively that she did not waive it and that she did not sign and execute or authorize the signing and execution of that purported waiver, and that she knew nothing about it whatever.

It was a question for the jury to say whether the landlord did in fact waive her lien, when she positively denies it.

*Jackson & Gordon,* for appellee.

The instrument signed by H. M. & M. L. Holden is a waiver of their landlord's lien and binds them under the law. Appellants are now estopped from coming into court and setting up a claim against the Rice Mercantile Co. Under the law H. M. Holden is made the statutory agent of his wife and even if she did not sign the instruments, as testified by her, she is held clearly bound and liable according to the statute. *Johnson v. Jones,* 82 Miss. 483, 34 South. 83; *Ross v. Baldwin,* 65 Miss.

570, 5 South. 111; *Brooks v. Barkley,* 72 Miss. 320, 18 South. 419; *Croes v. Pigg,* 73 Miss. 286, 19 South. 235; *Porter v. Staten,* 64 Miss. 421, 1 South. 487.

Argued orally by *Clem. V. Ratcliff,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

It was fatal error to give a charge that the jury could only find for the appellants, the plaintiffs below, to the extent of $15, the amount of attorney's fee. Whether the landlord's lien had been waived by Mrs. Holden should have gone to the jury on the testimony in the case, and, as involved in this, the right of the plaintiffs to recover the value of the seven hundred forty-six pounds of lint cotton which the appellee admitted it had. We concur with the learned court below that, on the testimony in the record now before us, the plaintiffs were not entitled to recover any more than the $15 attorney's fee and the value of the said seven hundred forty-six pounds of lint cotton, with interest thereon; but the charge given was, in effect, a peremptory charge to find for the defendants as to the value of this lint cotton.

Wherefore the judgment is reversed and the cause remanded.

*Reversed.*